IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

NATHANIEL HARBERT,

    Plaintiff,

  v.

JAMES DEACON, and R.A. YOUNG,

    Defendants.

Civil No. 2:17-cv-01934-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court are defendants' Motion for Judgment on the Pleadings (ECF # 28) and plaintiff's Motion for Leave to File Second Amended Complaint (ECF #45). For the reasons that follow, the court GRANTS defendants' Motion for Judgment on the Pleadings and DENIES plaintiff's Motion for Leave to File Second Amended Complaint.[1]

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c).

1 – OPINION AND ORDER

I.  **Motion for Judgment on the Pleadings**

   A.  **Background**

Plaintiff's claims stem from a physical altercation with a fellow inmate, Ray Thompson, on September 13, 2017. Following a disciplinary hearing, plaintiff was found guilty of Inmate Assault I and Disrespect I, and sanctioned to 90 days in disciplinary segregation. ECF #14, at 17. Plaintiff alleges that he was improperly found guilty of Inmate Assault I (ECF #14, at 12) and the disciplinary proceeding failed to comport with due process requirements (ECF #11, at 6; ECF #14, at 3). He also contends that the hearings officer, defendant James Deacon ("Deacon"), impermissibly found he had engaged in a "mutual altercation," although the officer who responded to the scene, Officer McConkey, never made such a statement in his report. ECF #11, at 2. Plaintiff further contends that Deacon attempted to "cover his foul ups" by supplementing his order with an additional paragraph, after plaintiff had already been found guilty and had been served with a copy of the order. ECF #11, at 2; ECF #14, at 14-15. Plaintiff seeks monetary damages from Deacon, and defendant Captain R.A. Young for "their part" in finding him guilty of Assault 1. ECF #14, at 5.

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on two grounds: (1) plaintiff has no protected liberty interest in remaining free from placement in disciplinary segregation; and (2) nevertheless, attachments to plaintiff's Amended Complaint demonstrate that the disciplinary proceedings against plaintiff afforded him all of the process due under the Fourteenth Amendment.

   B.  **Legal Standards**

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially

2 – OPINION AND ORDER

identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (citation and quotation marks omitted). Accordingly, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks omitted).

To survive a motion for judgment on the pleadings, "the non-conclusory 'factual content' [of the complaint]," and reasonable inferences from that content, "must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Similar to a Rule 12(b)(6) motion, the court may consider a document on a motion for judgment on the pleadings if the plaintiff refers extensively to the document or the document is integral to plaintiff's claim. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (on a motion to dismiss, the court may consider materials incorporated into the complaint or matters of public record without converting the motion into a motion for summary judgment). Moreover, agency orders are documents of which this court may take judicial notice under Fed. R. Evid. 201. *See Read v. Haley*, Case No. 3:12-cv-02021-MO, 2013 WL 1562938, at *1 n.3 (D. Or. April 10, 2013)

3 – OPINION AND ORDER

(holding that "[o]n a motion to dismiss, a court may take judicial notice of facts outside of the pleadings that are matters of public record, such as records or reports from courts or administrative bodies") (internal citations omitted). While a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment, a court may not take judicial notice of a fact that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)).

### C. Discussion

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. CONST. amend XIV, § 1. "Due process 'is a flexible concept that varies with the particular situation.'" *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015)(quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

"Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974)). But "[l]awful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen," and though prisoners retain constitutional protections of religious freedom, access to the court, equal protection, and substantive due process, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 555-56.

In *Wolff*, the Supreme Court discussed the due process requirements of a prison disciplinary hearing. First, prison officials must provide the prisoner with written notice at least twenty-four hours before the hearing. *Id.* at 564. This notice must include the charges against the inmate, a written description of the evidence on which the fact finder relies, and the reason

4 – OPINION AND ORDER

for taking disciplinary action. *Id.* Second, prison officials should allow the prisoner "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Third, if the prisoner is illiterate, or if the complexity of the case makes comprehension unlikely, prison officials should allow the prisoner to "seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Id.* at 570. Additionally, prison officials must have "some evidence" to support their ultimate disciplinary decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985).

The procedural protections outlined in *Wolff* "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano*, 345 F.3d at 1078 (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (explaining such liberty interests "will be generally limited to freedom from restraint[.]")). In contrast to a prisoner's loss of good time credits, "[t]ypically, administrative segregation in and of itself does not implicate a protected liberty interest." *Serrano*, 345 F.3d at 1078; *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that placement in disciplinary segregation does not implicate a liberty interest because it "falls within the terms of confinement ordinarily contemplated by a sentence"); *Resnick v. Hayes*, 213 F.3d 443 (9th Cir. 2000) (holding inmate had no protected liberty interest in being free from confinement in the segregated housing unit pending his disciplinary hearing).

Here, the sanctions imposed against plaintiff do not implicate a protected liberty interest sufficient to trigger the procedural protections outlined in *Wolff*. Plaintiff did not lose good time

5 – OPINION AND ORDER

credits, and his 90 days in disciplinary segregation falls within the ordinary terms of confinement contemplated by his sentence.

In any event, even if the general procedural protections did adhere to plaintiff's disciplinary proceedings, the due process afforded him was constitutionally adequate. The Findings of Fact, Conclusion, and Order show that plaintiff received a copy of the Misconduct Report, Notice of Hearing, Notice of Inmate Rights in a Hearing, and Rules of Prohibited Conduct. ECF #11, at 8. Plaintiff also "acknowledged understanding the Misconduct Report and Inmate Rights in a Hearing." *Id.* Additionally, a mental health evaluation was conducted, and the hearings officer considered it at the time of the hearing. *Id.*

Plaintiff complains that he was improperly found guilty of Inmate Assault I. "An inmate commits Inmate Assault I if he/she . . . causes injury to an inmate that requires staff transporting the inmate to an outside agency for medical care[.]" O.A.R. 291-105-0015(2)(c)(A) (Rule 2.05.01). Plaintiff contends that because he was the inmate who was taken to outside medical care, not Thompson, the facts do not support a violation of Assault I. Defendants argue that "[t]he rule makes it a violation to . . . cause injury to an inmate that requires staff transporting the inmate to an outside agency for medical care, without regard for whether the inmate transported to outside medical care was the initial aggressor." Def's Mot. 7.

Irrespective of how this rule is interpreted, there is "some evidence" that plaintiff committed an assault against another inmate that justified a disciplinary sanction. The hearings officer found that it was plaintiff who initiated the physical interaction when he "directed disrespectful gestures toward Inmate Thompson that involved a physical threat." ECF #11, at 9. Indeed, in his Amended Complaint, plaintiff acknowledges that the altercation began after he jumped up and pushed Thompson after Thompson made a lewd remark to him. ECF #14, at 13.

6 – OPINION AND ORDER

The hearings officer also noted that it was Thompson who yelled for the cell door to be opened, and that he came out of the cell holding a t-shirt to his bloody nose. ECF #14, at 16. Thus, there was "some evidence" to impose the disciplinary sanction.

Plaintiff argues that the hearings officer improperly included language in his order, to-wit, that it was a "mutual altercation," that Officer McConkey did not include in his report. However, that is not a basis to find that the disciplinary process violated due process. Officer McConkey's report is not a part of the record. Nevertheless, in making his independent findings of fact, the hearings officer was not confined to the information contained in Officer McConkey's report. Moreover, based on the fact that both plaintiff and Thompson were injured, it was not unreasonable for the hearings officer to conclude it was a "mutual altercation."

Finally, plaintiff contends that the hearings officer improperly added a paragraph to his report after he was found guilty and was served with a copy of it. Even assuming that this is in fact what happened, it does not arise to a due process violation. As discussed above, plaintiff received all process that was due under *Wolff*. Accordingly, defendants' motion for judgment on the pleadings is granted.

## II. Motion for Leave to File Second Amended Complaint

### A. Background

Plaintiff moves for leave to file a Second Amended Complaint. Plaintiff seeks to add two new defendants: TRCI Superintendent Troy Bowser ("Bowser") and the Oregon Department of Corrections ("ODOC"). Plaintiff also seeks to add an equal protection claim based on deprivation of his right to self-defense. Defendants object to plaintiff's motion as futile because: (1) plaintiff does not plead any factual allegations stating a claim against prospective defendant Bowser; (2) ODOC is immune from suit under the Eleventh Amendment to the U.S.

7 – OPINION AND ORDER

Constitution; and (3) plaintiff does not plead any factual allegations that state an equal protection violation.

B. **Legal Standards**

The decision to grant or deny leave to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 advises that "leave shall be freely given when justice so requires." FRCP 15(a)(2). The Ninth Circuit has long recognized that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). Still, amendment is not automatic. If reasons justify denying opportunity to amend, the court has discretion to foreclose amendment. *Foman*, 371 U.S. at 182. In the Ninth Circuit, courts consider five factors when determining whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Any of the first four factors can serve as a basis for denying leave to amend. *Chudacoff v. Univ. Med. Ctr. of So. Nev.*, 649 F. 3d 1143, 1152 (9th Cir. 2011).

The test for futility is the same as the standard used for a motion to dismiss under Rule 12(b)(6). *Fulton v. Advantage Sales & Marketing, LLC*, No. 3:11-cv-01050-MO, 2012 WL 5182805 at *2 (D. Or. Oct. 18, 2012). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

8 – OPINION AND ORDER

C.  Discussion

1.  **Proposed Defendant Superintendent Bowser**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege discrete acts of wrongful conduct by a named defendant. *See Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989) ("[b]efore liability may be imposed on a defendant . . . the defendant must do an affirmative act which results in the plaintiff being deprived of his federally protected rights"). Moreover, state officials are not liable under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978). A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's proposed Second Amended Complaint does not allege any facts stating a claim upon which relief may be granted against TRCI Superintendent Bowser. Moreover, as discussed above, plaintiff fails to allege facts supporting a claim that his due process rights were violated in connection with the disciplinary proceedings. Accordingly, amendment to include a claim against Superintendent Bowser would be futile.

2.  **Proposed Defendant ODOC**

It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 63-64 (1989) (state is not a person within the meaning of § 1983). Except for suits for prospective relief filed against state officials, the Eleventh Amendment bars

9 – OPINION AND ORDER

suit regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Plaintiff's proposed claim against ODOC is barred by principles of Eleventh Amendment sovereign immunity. Accordingly, plaintiff's proposed Second Amended Complaint fails to state a claim against ODOC upon which relief may be granted under 42 U.S.C. § 1983, and allowing plaintiff to amend to name ODOC as a defendant would be futile.

### 3. Proposed Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person the equal protection of the laws, "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "When an equal protection claim is premised on unique treatment rather than a classification, the Supreme Court has described it as a 'class of one' claim." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). To establish a violation of equal protection in a "class of one" case, a plaintiff must establish that the defendants "intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *Id*. (internal citations omitted). However, a person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the plaintiff did. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). Instead, to state a "class of one" claim, the plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

In his proposed Second Amended Complaint, plaintiff fails to allege a colorable equal protection claim. As an initial matter, it is not clear that plaintiff has adequately identified a similarly situated group of individuals. Moreover, plaintiff has not adequately alleged that anyone has treated him differently from how they treat others; to the contrary it appears plaintiff is alleging that he was treated just like everyone else because he was found guilty of a mutual fight despite his assertion he was acting in self-defense. Accordingly, plaintiff's proposed Second Amended Complaint fails to state a claim for the denial of equal protection, and allowing the amendment would, therefore, be futile.

## CONCLUSION

For these reasons, defendants' Motion for Judgment on the Pleadings (ECF No. 28) is GRANTED and plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 45) is DENIED. Because it is clear that the deficiencies of plaintiff's Amended Complaint and proposed Second Amended Complaint cannot be cured by amendment, this action is DISMISSED.

IT IS SO ORDERED.

DATED this 22nd day of January, 2019.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge